**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020

Attorneys for Plaintiffs
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation, and INSTAGRAM, LLC, a Delaware limited liability company, | CASE NO.:  3:20-CV-06023 |
| Plaintiffs, | **COMPLAINT; DEMAND FOR JURY TRIAL** |
| v. | |
| NIKOLAY HOLPER, aka "Nikolai Holper," d/b/a Nakrutka, | |
| Defendant. | |

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Plaintiffs Facebook, Inc. ("Facebook") and Instagram, LLC ("Instagram") assert the following:

## INTRODUCTION

1.     Since at least as early as June 26, 2017, and continuing to the date of this filing, Defendant Nikolay Holper, doing business as "Nakrutka," has operated an unlawful business designed to artificially inflate the "likes," "comments," "views," and "followers" of Instagram accounts ("fake engagement").  Defendant used a network of computers or "bots" and Instagram accounts to deliver automated likes to his customers' Instagram accounts and promoted his fake engagement service using infringing Instagram marks, in violation of Instagram's Terms of Use ("TOU")[1], Community Guidelines[2], and California and federal law.  Defendant interfered and continues to interfere with Instagram's service, created an inauthentic experience of Instagram users, and attempted to fraudulently influence Instagram users for his own enrichment.  Facebook and Instagram bring this action for injunctive relief to stop any continued and future misuse of their platforms by Defendant in violation of Instagram's TOU and Community Guidelines; to obtain compensatory, punitive, and exemplary damages under California Penal Code § 502 and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and to obtain damages and injunctive relief to stop Defendant's ongoing unlawful and harmful conduct, pursuant to the Lanham Act, 15 U.S.C. §§ 1114, 1125.

## PARTIES

2.     Plaintiff Facebook is a Delaware corporation with its principal place of business in Menlo Park, California.

---

[1] Instagram TOU can be found at https://help.instagram.com/581066165581870.
[2] Instagram Community Guidelines can be found at https://help.instagram.com/477434105621119.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3.      Plaintiff Instagram is a Delaware limited liability company with its principal place of business in Menlo Park, California.  Instagram is a subsidiary of Facebook.

4.      Defendant Holper is a resident of Minsk, Belarus.  Defendant is the owner of the Nakrutka fake engagement service.  As early as 2017, Defendant used various websites to promote the Nakrutka service, including nakrutka.by, nakrutka.cc, and nakrutka.com (collectively, the "Nakrutka Websites").  Exhibit 1.[3]

## JURISDICTION AND VENUE

5.      The Court has federal question jurisdiction over the federal causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1331.

6.      The Court has supplemental jurisdiction over the state law causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1367 because these claims arise out of the same nucleus of operative fact as Facebook and Instagram's federal claim.

7.      In addition, the Court has jurisdiction over all the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 because complete diversity between the Plaintiffs and the named Defendant exists, and because the amount in controversy exceeds $75,000.

8.      The Court has personal jurisdiction over Defendant because Defendant personally used Instagram, his business used thousands of Instagram accounts, and, accordingly, he agreed to Instagram's TOU.  Instagram's TOU require Defendant to submit to the personal jurisdiction of this Court for litigating any claim, cause of action, or dispute with Instagram.

9.      In addition, the Court has personal jurisdiction because Defendant knowingly directed his actions at Facebook and Instagram, which have their principal place of business in California.  For example, Defendant's entire business model

---

[3] Exhibit Nos. 1, 4-5 and 7 reflect machine translations using open source tooling to convert Russian text to English.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

depends on accessing and using Instagram to artificially manipulate Instagram accounts in exchange for money and Defendant has promoted his unlawful business using infringing Instagram marks.  Defendant also transacted business and engaged in commerce in California, including providing fake engagement services to users located in California. Plaintiffs' claims arise directly from all of these California contacts.

10.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), as the threatened and actual harm to Facebook and Instagram occurred in this District. Venue is also proper with respect to Defendant pursuant to 28 U.S.C. §1391(c)(3) because no defendant resides in the United States.

11.     Pursuant to Civil L.R. 3-2(c), this case may be assigned to either the San Francisco or Oakland division because Facebook and Instagram are located in San Mateo County.

## FACTUAL ALLEGATIONS

### A.     Background on Facebook and Instagram

12.     Facebook is a social networking website and mobile application that enables its users to create their own personal profiles and connect with each other on their personal computers and mobile devices.  As of March 2020, Facebook daily active users averaged 1.73 billion and monthly active users averaged 2.6 billion, worldwide.  Facebook has several products, including Instagram.

13.     Instagram is a photo and video sharing service, mobile application, and social network.  Instagram users can post photos and videos to their profile.  They can also view, comment on, and like posts shared by others on Instagram.  As of 2020, Instagram had over one billion active accounts, worldwide.

14.     When an Instagram user posts a photo, other Instagram users can view the photo and choose to "like" or "comment" on it.  For private accounts, followers of the account can see the post.  For public accounts, anyone can see the post.  When a photo is liked or commented on, that like or comment can be seen by anyone who can

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

see the post.  For marketing and other commercial purposes, certain Instagram users strive to increase the number of followers, views, likes, and comments they receive to increase their visibility and popularity on Instagram.

15.    Instagram users can gain followers, views, likes, and comments, but only from other registered Instagram users.  If a visitor to Instagram does not have an Instagram account and tries to like or comment a post, the visitor is redirected to the Instagram login page to enter their Instagram credentials or to create a new Instagram account.

16.    Everyone who uses Instagram agrees to Instagram's TOU and other rules that govern access to and use of Instagram, including Instagram's Community Guidelines.  The Instagram TOU state that because Instagram is a Facebook product, the Instagram TOU constitute an agreement between the Instagram users and Facebook.

17.    Since at least April 2018, Instagram's TOU prohibit users from (a) "do[ing] anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose;" (b) "interfer[ing] or impair[ing] the intended operation of [Instagram];" (c) "attempt[ing] to buy, sell, or transfer any aspect of [an Instagram] account;" (d) "creating accounts or collecting information in an automated way . . . ;" and (e) "violat[ing] (or help[ing] or encourag[ing] others to violate) [Instagram] terms or their policies including . . . the Instagram Community Guidelines."

18.    In addition, Instagram's TOU require users to "use [Instagram's] intellectual property and trademarks or similar marks," only "as expressly permitted by [Instagram's] Brand Guidelines[4] or with [] prior written permission."  The Brand Guidelines prohibit using the marks in a way that "[m]akes the Instagram brand the most distinctive or prominent feature," "[i]mplies partnership, sponsorship or endorsement," or "combine[s] 'Insta' or 'gram' with [the user's] own brand."

---

[4] Instagram Brand Guidelines can be found at https://en.instagram-brand.com/.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    19.    Instagram's Community Guidelines prohibit users from "artificially

2    collecting likes, followers, or shares," and "create[ing] accounts for the purpose of

3    violating [Instagram's] guidelines."

4    **B.    Defendant Infringed Instagram's Registered Trademarks**

5    20.    Instagram owns the exclusive rights to the highly distinctive

6    INSTAGRAM word mark, having used the mark in connection with its goods and

7    services as early as 2010.

8    21.    In addition to its extensive common law rights, Instagram owns

9    numerous United States registrations for the INSTAGRAM word mark, including:

10        1.    United States Registration Number 4,822,600;

11        2.    United States Registration Number 4,146,057;

12        3.    United States Registration Number 4,756,754;

13        4.    United States Registration Number 4,863,595;

14        5.    United States Registration Number 4,863,594;

15        6.    United States Registration Number 5,566,030;

16        7.    United States Registration Number 4,170,675; and

17        8.    United States Registration Number 4,827,509.

18    22.    Copies of these registration certificates are attached to this Complaint as

19    Exhibit 2.  Instagram's common law and registered trademark rights are collectively

20    referred to as the "Instagram Trademarks" or "Instagram's Trademarks."

21    23.    In or about January 2020, Plaintiffs learned that, beginning no later than

22    2017, Defendant had registered, trafficked, and used the domain instagram.by, which

23    is identical or confusingly similar to the Instagram Trademarks.  Exhibit 3.

24    24.    Instagram's use of the Instagram Trademarks in interstate commerce has

25    been extensive, continuous, and substantially exclusive.  Instagram has made, and

26    continues to make, a substantial investment of time and effort in the promotion of

27    Instagram and the Instagram Trademarks.  Through Instagram's widespread use of the

28    Instagram Trademarks, extensive and continuous media coverage, the high degree of

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

consumer recognition of the Instagram Trademarks, Instagram's enormous and loyal user base, its multiple trademark registrations and pending applications, and other factors, the Instagram Trademarks are highly distinctive and enjoy widespread recognition among consumers pre-dating Defendant's infringing use.  Further, the INSTAGRAM word mark is famous within the meaning of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(c).

25.    Since no later than August 2020, Defendant used the INSTAGRAM word mark by (a) referring to his service as "CHEAT INSTAGRAM" and "INSTAGRAM BOOST"; (b) including a fake Instagram copyright notice on the Nakrutka Websites; and (c) inviting users of his service to e-mail him at info@instagram.by.  Exhibit 4.  For example, the figures below show Defendant's use of the infringing marks on his website nakrutka.cc as of August 25, 2020.

**Figure 1**



**Figure 2**



## C.      Facebook and Instagram's Past Enforcement Actions Against Defendant

26.     On or about January 1, 2020, Facebook disabled Defendant's Facebook and Instagram accounts, and notified Defendant that his access had been revoked and that his fake engagement activity violated Facebook's and Instagram's TOU and U.S. law.  Later that same day, Defendant responded to Facebook's notice indicating that he refused to cease his unlawful activities.

27.     Later that same day, Defendant wrote on the online forum ra.by a post titled "Harassing people on Instagram and Facebook" and complained about how several of his personal accounts, as well as accounts associated with his service, had been disabled and shared a screenshot of the January 1, 2020 notice and his response. Exhibit 5.

28.     Despite Facebook's enforcement and notice to Defendant, he continued to provide fake engagement services on the Nakrutka Websites.

29.     On February 12, 2020, Facebook sent a cease and desist letter to Defendant for continuing to sell fake engagement services through various websites including nakrutka.by.  Exhibit 6.

30.     In the February 12, 2020 cease and desist letter, Facebook demanded that Defendant stop violating Instagram's TOU and Platform Policy[5], including by misleading Instagram users, automating user actions, accessing Instagram through automated means, and facilitating or encouraging others to violate Instagram's TOU. The February 12, 2020 cease and desist letter also informed Defendant that his actions may have violated state and federal laws, including Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502(c).

31.     Defendant has not acknowledged or responded to the February 12, 2020 cease and desist letter, and continues to promote his fake engagement service on the

---

[5] Instagram Platform Policy can be found at https://help.instagram.com/325135857663734

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Nakrutka Websites.

**D.    Defendant Used an Automated Process, Bots, and Instagram Accounts to Artificially Inflate Instagram Users' Likes and Interfere with Facebook and Instagram's Service and Computer Network**

32.    Since at least as early as June 26, 2017 and continuing to the present, Defendant has marketed his fake engagement services and conducted financial transactions with his customers on the Nakrutka Websites.  Defendant offered, and continues to offer, "INSTAGRAM BOOST" and "CHEAT INSTAGRAM" services, offering for sale Followers, Likes, Views, and Comments.  *See* Exhibits 4, 7.

33.    Defendant charges fluctuating pricing, depending on the type of fake engagement being purchased, the quantity thereof, and the perceived authenticity, charging higher prices for more authentic-appearing engagement.  The pricing ranges up to 1,700 rubles per transaction.

34.    The figure shown below lists a sampling of Defendant's pricing structure as of August 25, 2020 (*see* Exhibit 7), from his website nakrutka.com:

**Figure 3**

| Type of promotion | Description | Minimum | Maximum | Minimum cost | Cost per 1000 (RUB) | Price over 1000 for resellers |
|---|---|---|---|---|---|---|
| 1. Likes - 38r 📑 | Bots with avatars. \| Write-offs: 98% | 10 | 10 000 | 0.38p for 10 | 38p per 1000 | 34p per 1000 |
| 5. Subscribers - 185 rubles | Subscribers mix: bots, offers, live. Speed up to a thousand per day. Cheat with a margin. \| Write-offs: 40% | 10 | 5 000 | 1.85p for 10 | 185p per 1000 | 167p per 1000 |
| 10. Subscribers - 269 rubles 👌 | Mix subscribers - offers and live from different countries. Quick start and uniform wrapping with a margin. \| | 100 | 5 000 | 26.9p per 100 | 269p per 1000 | 242p per 1000 |
| 11. Subscribers - 61 rubles | Bots with avatars. No guarantee. \| Write-offs: 99% | 10 | 10 000 | 0.61p for 10 | 61p for 1000 | 55p per 1000 |
| 12. Subscribers (AR7 + 300) - 22 rubles | Bots with avatars. Large write-offs. Automatic rewinding of subscribers within 7 days if there is a lack of quantity, but not more than 300% of the number of subscribers ordered. \| | 10 | 10 000 | 0.22p for 10 | 22p for 1000 | 20p per 1000 |

8

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

35.     Defendant used a network of bots and Instagram accounts that he controlled to deliver millions of automated likes to his customers.  Some of the Instagram accounts used by Defendant were responsible for over 8 million likes over the course of just two days.

36.     For example, on or about February 2, 2020, after purchasing 10,000 likes from Defendant on the Nakrutka Websites, specifically nakrutka.by, an Instagram user posted a black-and-white photo of a goat on their Instagram account.  Although the account had no followers and the photo had no comments, the photo received almost 10,000 likes within minutes.  Also on February 2, 2020, at least five other Instagram users purchased likes from Defendant on the same website and posted the same photo of a goat on their respective Instagram accounts.  Although these accounts had no followers and the photos had no comments, the photos received between ~3,000 and ~10,000 likes within minutes.  All likes and follows came from Defendant's network of Instagram accounts using more than 180,000 IP addresses associated with thousands of internet service providers located in, among other places, the United States, with thousands of likes and follows originating from California IP addresses.

**E.     Defendant Unjustly Enriched Himself and his Unlawful Acts Have Caused Damage and a Loss to Facebook and Instagram**

37.     Defendant's breaches of Instagram's TOU, Brand Guidelines, and Community Guidelines have caused Facebook and Instagram substantial harm. Defendant interfered and continues to interfere with Instagram's service and burden Facebook and Instagram's computer network.  Moreover, Defendant created and continues to create an inauthentic experience for Instagram users who used, viewed, and relied on Defendant's fake engagement services, thus damaging Instagram's brand.

38.     Defendant's actions injured Facebook and Instagram's reputation, public trust, and goodwill.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

39.     Facebook and Instagram have suffered damages attributable to the efforts and resources it has used to address this Complaint, investigate and mitigate Defendant's illegal conduct, and attempt to identify, analyze, and stop his fraudulent and injurious activities.

40.     Since February 2020, Defendant unjustly enriched himself at the expense of Facebook and Instagram in the amount to be determined at trial.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

41.     Facebook and Instagram incorporate all other paragraphs as if fully set forth herein.

42.     Defendant created a personal Instagram account and agreed to Instagram's TOU, Brand Guidelines, and Community Guidelines.  The Instagram service is owned and operated by Facebook, Inc.  Since April 2018, the Instagram TOU have stated that Instagram is a Facebook product and that the Instagram TOU constitute an agreement between Instagram users and Facebook.

43.     In addition, since as early as June 2017, Defendant used thousands of Instagram accounts to provide his services, which were also governed by Instagram's TOU and Community Guidelines.  Because Defendant's unlawful business used and targeted Instagram users, Defendant agreed to Instagram's TOU, Brand Guidelines, and Community Guidelines.

44.     Defendant, through the Nakrutka Websites, continually used Instagram and caused it to be accessed and used to conduct Defendant's fraudulent business.

45.     Despite Defendant's agreement to Instagram's TOU, Brand Guidelines, and Community Guidelines, he repeatedly breached them.  Not only did Defendant, his fake engagement service, and his promotion of his service, violate Instagram's TOU, Brand Guidelines, and Community Guidelines, he has helped other Instagram users violate them—itself a violation of the TOU and Community Guidelines.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

46.     Defendant breached Instagram's TOU and Community Guidelines by taking the actions described above, including by accessing Instagram to fraudulently and artificially inflate the likes associated with certain Instagram accounts using thousands of other Instagram accounts and using Instagram's trademarks or similar marks in violation of Instagram's TOU and Brand Guidelines and without Instagram's permission, all in an attempt to influence other Instagram users and enrich himself while damaging Facebook and Instagram.

47.     Facebook and Instagram have performed all conditions, covenants, and promises required of it in accordance with their agreements with Defendant.

48.     Defendant's many breaches have caused Facebook and Instagram to incur damages in the amount of at least $75,000, in addition to an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (California Penal Code § 502)

49.     Facebook and Instagram incorporate all other paragraphs as if fully set forth herein.

50.     Since January 2020, Defendant knowingly accessed and without permission otherwise used Facebook and Instagram's data, computers, computer system, and computer network in order to (a) devise or execute any scheme or artifice to defraud and deceive, and (b) to wrongfully control or obtain money, property, or data, in violation of California Penal Code § 502(c)(1).

51.     Since January 2020, Defendant knowingly and without permission used or caused to be used Facebook and Instagram's computer services in violation of California Penal Code § 502(c)(3).

52.     Since January 2020, by artificially inflating certain Instagram users' likes and impairing the intended operation of Instagram, Defendant knowingly and without permission disrupted or caused the disruption of computer services of Facebook and

Instagram's computers, computer systems, and/or computer networks in violation of California Penal Code § 502(c)(5).

53. Since January 2020, Defendant knowingly and without permission accessed and caused to be accessed Facebook and Instagram's computers, computer systems, and/or computer networks in violation of California Penal Code § 502(c)(7). Defendant accessed Facebook and Instagram's computer network after Facebook disabled his Instagram accounts and sent correspondence to Defendant revoking his access.

54. Because Facebook and Instagram suffered damages and a loss as a result of Defendant's actions and continue to suffer damages as a result of Defendant's actions, Facebook and Instagram are entitled to compensatory damages in an amount to be determined at trial, attorney fees, and any other amount of damages proven at trial, and injunctive relief under California Penal Code § 502(e)(1) and (2).

55. Because Defendant willfully violated California Penal Code § 502, and there is clear and convincing evidence that Defendant committed "fraud" as defined by section 3294 of the Civil Code, Facebook and Instagram are entitled to punitive and exemplary damages under California Penal Code § 502(e)(4).

### THIRD CAUSE OF ACTION

(Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

56. Facebook and Instagram incorporate all other paragraphs as if fully set forth herein.

57. Defendant's access and use of Facebook and Instagram's computers and computer systems was unauthorized because Defendant accessed Facebook and Instagram's computer network after Facebook disabled his Instagram accounts and sent correspondence to Defendant revoking his access.

58. Facebook and Instagram computers and servers are protected computers as defined by 18 U.S.C. § 1030(e)(2).

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

COMPLAINT; DEMAND FOR JURY TRIAL

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

59.     Since January 2020, Defendant violated 18 U.S.C. § 1030(a)(4) because he knowingly and with intent to defraud accessed Facebook and Instagram-protected computers by sending unauthorized commands to Facebook and Instagram computers. Defendant sent the commands to Facebook and Instagram computers to manipulate Instagram's service by fraudulently inflating likes of certain Instagram accounts. Defendant did these acts in exchange for profit.

60.     Since January 2020, Defendant violated 18 U.S.C. § 1030(a)(5)(A) because he knowingly and intentionally caused the transmission of a program, information, code, or command, and, as a result of such conduct, intentionally damaged Facebook and Instagram-protected computers.

61.     Since January 2020, Defendant violated 18 U.S.C. § 1030(a)(5)(B) by intentionally accessing a protected computer without authorization, and, as a result of such conduct, recklessly causing damage to Facebook and Instagram-protected computers.

62.     Since January 2020, Defendant violated 18 U.S.C. § 1030(a)(5)(C) by intentionally accessing a protected computer without authorization, and, as a result of such conduct, causing damage to Facebook and Instagram-protected computers and a loss.

63.     Defendant violated 18 U.S.C. § 1030(b) by conspiring or attempting to commit the violation alleged in the preceding paragraph.

64.     Defendant's conduct has caused a loss to Facebook and Instagram during a one-year period in excess of $5,000.

65.     Defendant's actions caused Facebook and Instagram to incur losses and other economic damages, including, among other things, the expenditure of resources to investigate and respond to Defendant's fraudulent scheme. Facebook and Instagram are entitled to be compensated for losses and damages in the amount to be determined at trial, and any other amount proven at trial.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

66.    Facebook and Instagram have no adequate remedy at law that would prevent Defendant from continuing his unlawful scheme.  Permanent injunctive relief is therefore warranted.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

67.    Facebook and Instagram incorporate all other paragraphs as if fully set forth herein.

68.    Defendant's acts as alleged herein constitute unjust enrichment of Defendant at Facebook and Instagram's expense.

69.    Defendant accessed and used, without authorization or permission, Facebook and Instagram's service, platform, and computer network, all of which belong to Facebook and Instagram.

70.    Defendant used Facebook and Instagram's service, platform, and computer network to, among other things, defraud and deceive Instagram users, artificially inflate certain Instagram users' likes, impair the intended operation of Instagram, interfere with Instagram's service, platform, and computer network, and wrongfully obtain money from the operation of his unlawful business.

71.    Defendant received a benefit by profiting from his unauthorized use of Facebook and Instagram's service, platform, and computer network.

72.    Defendant's retention of the profits derived from his unauthorized use of Facebook and Instagram's service, platform, and computer network would be unjust.

73.    Defendant's unauthorized use of Facebook and Instagram's service, platform, and computer network has injured Facebook and Instagram's reputation, public-trust, and goodwill.

74.    Defendant's unauthorized use of Facebook and Instagram's service, platform, and computer network has damaged Facebook and Instagram, including but not limited to the time and money spent investigating and mitigating Defendant's unlawful conduct.

75.    Facebook and Instagram seek injunctive relief and damages in an amount to be proven at trial, as well as disgorgement of Defendant's ill-gotten profits in an amount to be determined at trial.

76.    As a direct result of Defendant's unlawful actions, Facebook and Instagram have suffered and continue to suffer irreparable harm for which there is no adequate remedy at law, and which will continue unless Defendant's actions are enjoined.

## FIFTH CAUSE OF ACTION

(Trademark and Service Mark Infringement of

Plaintiff Instagram's Trademarks Under 15 U.S.C. § 1114)

77.    Facebook and Instagram incorporate all other paragraphs as if fully set forth herein.

78.    Defendant has intentionally used the Instagram Trademarks in interstate commerce.  Since 2010, Instagram has priority over Defendant's use of the infringing marks.  Defendant's use of the Instagram Trademarks is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval by Plaintiffs of Defendant's fake engagement services and the Nakrutka Websites.

79.    The above-described acts of Defendant constitute trademark and service mark infringement in violation of 15 U.S.C. § 1114(1) and entitle Plaintiffs to relief.

80.    Defendant has unfairly profited from the trademark and service mark infringement.

81.    By reason of Defendant's acts of trademark and service mark infringement, Instagram has suffered damage to the goodwill associated with the Instagram Trademarks.

82.    Defendant has irreparably harmed Plaintiffs and, if not enjoined, will continue to irreparably harm Plaintiffs and Instagram's federally registered trademarks and service marks.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

83.    Defendant has irreparably harmed the general public and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

84.    Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendant.  Accordingly, Plaintiffs are entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

85.    Plaintiffs are entitled to recover Defendant's profits, actual damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a).  Plaintiffs are also entitled to have their damages trebled under 15 U.S.C. § 1117(b).

86.    This is an exceptional case, making Plaintiffs eligible for an award of reasonable attorneys' fees pursuant to 15 U.S.C. 1117(a).

## SIXTH CAUSE OF ACTION

(Trademark and Service Mark Infringement of Instagram's Trademarks
and False Designation of Origin Under 15 U.S.C. § 1125(a))

87.    Facebook and Instagram incorporate all other paragraphs as if fully set forth herein.

88.    Instagram's Trademarks are highly distinctive marks that are associated with Instagram and exclusively identify its business, products, and services.  Since 2010, Instagram has priority over Defendant's use of the infringing marks.

89.    Defendant's use in commerce of Instagram's Trademarks, and variations thereof, is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods and services are authorized, sponsored, or approved by, or are affiliated with, Instagram.

90.    Defendant's acts constitute trademark and service mark infringement of Instagram's Trademarks, as well as false designation of origin, in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

91.    Defendant has unfairly profited from his conduct.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

92.     By reason of the above-described acts of Defendant, Plaintiffs have suffered damage to the good will associated with Instagram's Trademarks.

93.     Defendant has irreparably harmed Plaintiffs and, if not enjoined, will continue to irreparably harm Plaintiffs and Instagram's Trademarks.

94.     Defendant has irreparably harmed the general public, and if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

95.     Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendant.  Accordingly, Plaintiffs are entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

96.     Plaintiffs are entitled to recover Defendant's profits, actual damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

97.     This is an exceptional case, making Plaintiffs eligible for an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SEVENTH CAUSE OF ACTION

(Dilution of the Instagram Trademarks Under 15 U.S.C. § 1125(c))

98.     Facebook and Instagram incorporate all other paragraphs as if fully set forth herein.

99.     The Instagram Trademarks are famous, as that term is used in 15 U.S.C. § 1125(c), and they were famous before Defendant's use of them and variations of the trademarks in commerce.  Since 2010, Instagram has priority over Defendant's use of the infringing marks.  This fame is based on, among other things, the inherent distinctiveness and federal registration of each of the Instagram Trademarks, as well as the extensive and exclusive worldwide use, advertising, promotion, and recognition of them.

100.    Defendant's use of the Instagram Trademarks, and variations thereof, in commerce is likely to cause dilution by blurring or dilution by tarnishment of these trademarks.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

101.   Defendant's acts constitute dilution by blurring and dilution by tarnishment in violation of 15 U.S.C. § 1125(c), entitling Plaintiffs to relief.

102.   Defendant has unfairly profited from his conduct.

103.   Defendant damaged the goodwill associated with the Instagram Trademarks and will continue to cause irreparable harm.

104.   Plaintiffs' remedy at law is not adequate to compensate it for the injuries inflicted by Defendant.  Accordingly, Plaintiffs are entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

105.   Because Defendant acted willfully, Plaintiffs are entitled to damages, and those damages should be trebled pursuant to 15 U.S.C. § 1117(a).

106.   This is an exceptional case, making Plaintiffs eligible for an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## EIGHTH CAUSE OF ACTION

(Cybersquatting on the Instagram Trademarks Under 15 U.S.C. § 1125(d))

107.   Facebook and Instagram incorporate all other paragraphs as if fully set forth herein.

108.   Beginning no later than 2015, Defendant registered, trafficked in, and used the domain name instagram.by (the "Infringing Domain Name").

109.   Since 2010, Instagram has priority over Defendant's use of the infringing marks.  The Instagram Trademarks were highly distinctive and federally registered at the United States Patent and Trademark Office at the time Defendant registered and used the Infringing Domain Name.

110.   The Instagram Trademarks are and were famous within the meaning of 15 U.S.C. § 1125(c) at the time of the registration of the Infringing Domain Name.

111.   The Infringing Domain name is identical or confusingly similar to the Instagram Trademarks.

112.   The Infringing Domain Name is dilutive of the Instagram Trademarks.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

113.   Defendant registered, tracked in, or used the Infringing Domain Name with a bad faith intent to profit from the Instagram Trademarks.

114.   The Infringing Domain Name does not consist of the legal name of Defendant, nor does it consist of a name that is otherwise commonly used to identify Defendant or his fake engagement service.

115.   Defendant has not made any prior use of the Infringing Domain Name in connection with the *bona fide* offering of any goods or services.

116.   Defendant has not made any *bona fide* noncommercial or fair use of the Instagram Trademarks on a website accessible at the Infringing Domain Name.

117.   Defendant registered and used the Infringing Domain Name to divert consumers from Instagram's legitimate website (www.instagram.com) to websites accessible under the Infringing Domain Name for Defendant's commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of his websites.

118.   Defendant's registration, trafficking, and/or use of the Infringing Domain Name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiffs to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

119.   Plaintiffs are entitled to recover their costs as well as Defendant's profits, Plaintiffs' actual damages, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiffs, in an amount of $100,000 per domain name.

120.   This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendant as follows:

1.   That the Court enter judgment against Defendant that Defendant has:

   a.   Violated the Computer Fraud and Abuse Act, in violation of 18 U.S.C. § 1030;

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

b. Violated the California Comprehensive Computer Data Access and Fraud Act, in violation of California Penal Code § 502;

c. Breached Defendant's contracts with Facebook and Instagram in violation of California law;

d. Been unjustly enriched at the expense of Facebook and Instagram in violation of California law;

e. Infringed Plaintiffs' rights in the federally registered Instagram Trademarks, in violation of 15 U.S.C. § 1114(1);

f. Infringed Plaintiffs' rights in the Instagram Trademarks, in violation of 15 U.S.C. § 1125(a);

g. Infringed Plaintiffs' rights in the federally registered Instagram Trademarks, in violation of 15 U.S.C. § 1125(c); and

h. Infringed Plaintiffs' rights in the federally registered Instagram Trademarks, in violation of 15 U.S.C. § 1125(d).

2. That each of the above acts in Prayer 1(e)-(h) was willful.

3. That the Court enter a permanent injunction enjoining and restraining Defendant and his agents, servants, employees, successors, and assigns, and all other persons acting in concert with or conspiracy with any of them or who are affiliated with Defendant from:

a. Accessing or attempting to access Facebook and Instagram's service, platform, and computer systems;

b. Creating or maintaining any Instagram accounts in violation of Instagram's TOU;

c. Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Facebook and Instagram's service, platform, and computer systems;

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

d.   Engaging in any activity, or facilitating others to do the same, that violates Instagram's TOU, Community Guidelines, or other related policy referenced herein;

e.   Engaging in any use, including advertising, promoting, marketing, franchising, selling, and offering for sale any goods or services, in connection with the Instagram Trademarks, or any similar mark or designation, that is likely to cause confusion, or to cause mistake as to the affiliation of that use with Instagram;

f.   Engaging in any activity which tarnishes or lessens the distinctiveness of the Instagram Trademarks; and

g.   Registering, trafficking, or using any domain name that is identical or confusingly similar to any of the Instagram Trademarks.

4.   That Facebook and Instagram be awarded damages, including, but not limited to, compensatory, statutory, and punitive damages, as permitted by law and in such amounts to be proven at trial.

5.   That Plaintiffs be awarded damages for Defendant's trademark infringement and false designation of origin and that these damages be trebled due to Defendant's willfulness, in accordance with the provisions of 15 U.S.C. § 1117.

6.   That Defendant accounts for, hold in constructive trust, pay over to Facebook and Instagram, and otherwise disgorge profits derived from Defendant's unjust enrichment, in an amount to be determined at trial.

7.   That Plaintiffs be awarded $100,000 in statutory damages per infringing domain name by reason of Defendant's cybersquatting in accordance with the provisions of 15 U.S.C. § 1117.

8.   That Facebook and Instagram be awarded their reasonable costs, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117 and any other applicable provision of law.

1    9.    That Facebook and Instagram be awarded pre- and post-judgment interest

2          as allowed by law.

3    10.   That the Court grant all such other and further relief as the Court may

4          deem just and proper.

5

6   Dated:  August 27, 2020                    **HUNTON ANDREWS KURTH LLP**

7

8                                      By:    ___/s/ Ann Marie Mortimer___

9                                             Ann Marie Mortimer
                                              Jason J. Kim
10                                            Jeff R. R. Nelson
                                      Attorneys for Plaintiffs
11                                    FACEBOOK, INC. and
                                      INSTAGRAM, LLC
12

13                                            Platform Enforcement and
                                              Litigation
14                                            Facebook, Inc.
                                              Jessica Romero
15                                            Bridget Anne Freeman
16

17

18

19

20

21

22

23

24

25

26

27

28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury on all issues triable to a jury.


Dated:  August 27, 2020                    **HUNTON ANDREWS KURTH LLP**



                                           By:    /s/ Ann Marie Mortimer
                                                  Ann Marie Mortimer
                                                  Jason J. Kim
                                                  Jeff R. R. Nelson
                                                  Attorneys for Plaintiffs
                                                  FACEBOOK, INC. and
                                                  INSTAGRAM, LLC

                                                  Platform Enforcement and
                                                  Litigation
                                                  Facebook, Inc.
                                                  Jessica Romero
                                                  Bridget Anne Freeman

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

**EXHIBIT 1**

Case 2:20-cv-09582-JFW Document 1 filed 2020730 - Page 26 of 61



NAKRUTKA

SIGN IN

SIGN IN



email or username

password

Forgot your password?
Forgot your email?

SUBMIT

**Registration of new users is closed!**

We have no competitors, but many copies. Be careful and careful - there are a lot of scammers on the Internet.
Our site can only be accessed by domains ending in nakrutka.by, nakrutka.cc, nakrutka.ru, nakrutka.com



© NAKRUTKA INSTAGRAM 2017-2019

Made with ❤ for great people.

URL: https://nakrutka.com/login.php

25

**EXHIBIT 2**



# INSTAGRAM

**Reg. No. 4,822,600**

**Registered Sep. 29, 2015**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

INSTAGRAM, LLC (DELAWARE LIMITED LIABILITY COMPANY)
1601 WILLOW ROAD
MENLO PARK, CA 94035

FOR: DOWNLOADABLE COMPUTER SOFTWARE FOR MODIFYING THE APPEARANCE AND ENABLING TRANSMISSION OF IMAGES, AUDIO-VISUAL AND VIDEO CONTENT; COMPUTER SOFTWARE FOR THE COLLECTION, EDITING, ORGANIZING, MODIFYING, TRANSMISSION, STORAGE AND SHARING OF DATA AND INFORMATION; COMPUTER SOFTWARE FOR USE AS AN APPLICATION PROGRAMMING INTERFACE (API); COMPUTER SOFTWARE IN THE NATURE OF AN APPLICATION PROGRAMMING INTERFACE (API) WHICH FACILITATES ONLINE SERVICES FOR SOCIAL NETWORKING, BUILDING SOCIAL NETWORKING APPLICATIONS AND FOR ALLOWING DATA RETRIEVAL, UPLOAD, DOWNLOAD, ACCESS AND MANAGEMENT; COMPUTER SOFTWARE TO ENABLE UPLOADING, DOWNLOADING, ACCESSING, POSTING, DISPLAYING, TAGGING, BLOGGING, STREAMING, LINKING, SHARING OR OTHERWISE PROVIDING ELECTRONIC MEDIA OR INFORMATION VIA COMPUTER AND COMMUNICATION NETWORKS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 4,146,057 AND 4,170,675.

SN 85-965,174, FILED 6-20-2013.

BARBARA BROWN, EXAMINING ATTORNEY

Director of the United States
Patent and Trademark Office

<div style="border:1px solid">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:   A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# INSTAGRAM

**Reg. No. 4,146,057**
**Registered May 22, 2012**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

INSTAGRAM, INC. (DELAWARE CORPORATION)
181 SOUTH PARK AVENUE
SAN FRANCISCO, CA 94107

FOR: DOWNLOADABLE COMPUTER SOFTWARE FOR MODIFYING THE APPEARANCE AND ENABLING TRANSMISSION OF PHOTOGRAPHS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE WORDING "INSTAGRAM" HAS NO MEANING IN A FOREIGN LANGUAGE.

SER. NO. 85-426,267, FILED 9-19-2011.

BILL DAWE, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office



# INSTAGRAM

**Reg. No. 4,756,754**

**Registered June 16, 2015**

**Int. Cls.: 35 and 38**

**SERVICE MARK**

**PRINCIPAL REGISTER**

INSTAGRAM, LLC (DELAWARE LIMITED LIABILITY COMPANY)
1601 WILLOW ROAD
MENLO PARK, CA 94025

FOR: MARKETING, ADVERTISING AND PROMOTION SERVICES; DISSEMINATION OF ADVERTISING FOR OTHERS VIA COMPUTER AND COMMUNICATION NETWORKS; MARKETING AND ADVERTISING CONSULTATION SERVICES; PROMOTING THE GOODS AND SERVICES OF OTHERS VIA COMPUTER AND COMMUNICATION NETWORKS; MARKET RESEARCH SERVICES; PROVISION OF MARKET RESEARCH INFORMATION, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-0-2013; IN COMMERCE 11-1-2013.

FOR: TELECOMMUNICATION SERVICES, NAMELY, TRANSMISSION OF ADVERTISEMENTS AND MEDIA ADVERTISING COMMUNICATIONS VIA COMPUTER AND COMMUNICATION NETWORKS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 8-0-2013; IN COMMERCE 11-1-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 4,146,057 AND 4,170,675.

SN 86-100,072, FILED 10-24-2013.

SANJEEV VOHRA, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Page: 2 / RN # 4,756,754



# INSTAGRAM

**Reg. No. 4,863,595**

**Registered Dec. 1, 2015**

**Int. Cl.: 38**

**SERVICE MARK**

**PRINCIPAL REGISTER**

INSTAGRAM, LLC (DELAWARE LIMITED LIABILITY COMPANY)
1601 WILLOW ROAD
MENLO PARK, CA 94025

FOR: TELECOMMUNICATIONS SERVICES, NAMELY, ELECTRONIC TRANSMISSION OF DATA, MESSAGES, GRAPHICS, IMAGES, VIDEOS AND INFORMATION; PEER-TO-PEER PHOTO AND VIDEO SHARING SERVICES, NAMELY, ELECTRONIC TRANSMISSION OF DIGITAL PHOTOS, VIDEO AND AUDIO-VISUAL FILES AMONG INTERNET USERS; PROVIDING ACCESS TO COMPUTER, ELECTRONIC AND ONLINE DATABASES; PROVIDING ONLINE FORUMS FOR COMMUNICATION, NAMELY, TRANSMISSION ON TOPICS OF GENERAL INTEREST; PROVIDING ONLINE CHAT ROOMS AND ELECTRONIC BULLETIN BOARDS FOR TRANSMISSION OF MESSAGES AMONG USERS IN THE FIELD OF GENERAL INTEREST; BROADCASTING SERVICES OVER COMPUTER OR OTHER COMMUNICATION NETWORKS, NAMELY, UPLOADING, POSTING, DISPLAYING, TAGGING, AND ELECTRONICALLY TRANSMITTING DATA, INFORMATION, MESSAGES, GRAPHICS, VIDEOS, AND IMAGES, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 4,146,057 AND 4,170,675.

SN 85-965,177, FILED 6-20-2013.

BARBARA BROWN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

<div style="border:1px solid black;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.   *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.   *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:   A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# INSTAGRAM

**Reg. No. 4,863,594**

**Registered Dec. 1, 2015**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

INSTAGRAM, LLC (DELAWARE LIMITED LIABILITY COMPANY)
1601 WILLOW ROAD
MENLO PARK, CA 94025

FOR: PROVIDING COMPUTER, ELECTRONIC AND ONLINE DATABASES IN THE FIELD OF ENTERTAINMENT; PUBLICATION OF ELECTRONIC JOURNALS AND WEB LOGS FEATURING USER GENERATED OR SPECIFIED CONTENT; PUBLISHING OF ELECTRONIC PUBLICATIONS FOR OTHERS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 4,146,057 AND 4,170,675.

SN 85-965,169, FILED 6-20-2013.

BARBARA BROWN, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Page: 2 / RN # 4,863,594

# United States of America

## United States Patent and Trademark Office

# INSTAGRAM

**Reg. No. 5,566,030**

**Registered Sep. 18, 2018**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

Instagram, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
1601 Willow Road
Menlo Park, CALIFORNIA 94025

CLASS 42: Providing a web site that gives users the ability to upload images; file sharing services, namely, providing a website featuring technology enabling users to upload electronic files; providing a web site featuring technology that enables online users to create personal profiles featuring social networking information

FIRST USE 11-5-2012; IN COMMERCE 11-5-2012

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 4170675, 4146057

SER. NO. 85-965,167, FILED 06-20-2013



Director of the United States
Patent and Trademark Office



# INSTAGRAM

**Reg. No. 4,170,675**

**Registered July 10, 2012**

**Int. Cl.: 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**

INSTAGRAM, INC. (DELAWARE CORPORATION)
181 SOUTH PARK AVENUE
SAN FRANCISCO, CA 94107

FOR: PROVIDING A WEB SITE THAT GIVES USERS THE ABILITY TO UPLOAD PHOTO-GRAPHS; TECHNICAL SUPPORT SERVICES, NAMELY, PROVIDING HELP DESK SERVICES IN THE FIELD OF COMPUTER SOFTWARE, NAMELY, PROVIDING USERS WITH INSTRUC-TIONS AND ADVICE ON THE USE OF DOWNLOADABLE COMPUTER SOFTWARE, PROVIDED ONLINE AND VIA E-MAIL; COMPUTER SERVICES, NAMELY, PROVIDING AN INTERACTIVE WEBSITE FEATURING TECHNOLOGY THAT ALLOWS USERS TO MANAGE THEIR ONLINE PHOTOGRAPH AND SOCIAL NETWORKING ACCOUNTS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

THE WORD "INSTAGRAM" HAS NO MEANING IN A FOREIGN LANGUAGE.

SER. NO. 85-426,271, FILED 9-19-2011.

BILL DAWE, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

37

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,170,675



# INSTAGRAM

**Reg. No. 4,827,509**

**Registered Oct. 6, 2015**

INSTAGRAM LLC (DELAWARE LIMITED LIABILITY COMPANY)
1601 WILLOW ROAD
MENLO PARK, CA 94025

**Int. Cl.: 45**

FOR: INTERNET BASED SOCIAL INTRODUCTION, NETWORKING AND DATING SER-
VICES; PROVIDING INFORMATION IN THE FORM OF DATABASES FEATURING INFORM-
ATION IN THE FIELDS OF SOCIAL NETWORKING, SOCIAL INTRODUCTION AND
DATING, IN CLASS 45 (U.S. CLS. 100 AND 101).

**SERVICE MARK**

**PRINCIPAL REGISTER**

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-965,171, FILED 6-20-2013.

EUGENIA MARTIN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

<div style="border: 1px solid black;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Page: 2 / RN # 4,827,509

**EXHIBIT 3**

# 🔍 Inspect: instagram.by

Domain Profile        Screenshot History        **Whois History**        Hosting History        SSL Profile

**2017-08-13** - (3 years ago)

| | |
|---|---|
| **Domain** | instagram.by |
| **Record Date** | 2017-08-13 |
| **Registrar** | |
| **Server** | whois.cctld.by |
| **Created** | |
| **Updated** | |
| **Expires** | |
| **Unique Emails** | • jaholper@gmail.com |

```
Domain Name: instagram.by
Registrar: Reliable Software, Ltd
Org: ИП Холпер Николай Григорьевич
Country: BY
City: г. Жлобин
Phone: +375336666769
Email: jaholper@gmail.com
Name Server: u1.hoster.by
Name Server: u2.hoster.by
Updated Date: 2016-11-18
Creation Date: 2015-12-08
Expiration Date: 2017-12-08
```

## Historical Records

28 records found

**EXHIBIT 4**

 NAKRUTKA

SIGN IN

QUICKLY, QUALITATIVELY, WITH A GUARANTEE!

# CHEAT INSTAGRAM

| SIGN IN | FREE CHEAT | PRICES |


**FOLLOWERS**


**LIKES**


**VIEWS**


**COMMENTS**

The number of subscribers is the main indicator of the popularity of large communities on Instagram.

High-quality promotion of subscribers is a difficult and time-consuming process. Every experienced user has once faced a massive unsubscribe from winding up subscribers. With us, you can choose to cheat subscribers according to various criteria, including with a guarantee against cancellation.

Subscriber boosting allows you to increase your authority in the eyes of potential customers and fans. The audience is more loyal to communities with a large number of subscribers. More participants join and more lucrative offers are received.

GO TO THE FULL LIST OF SERVICES›


**WE ARE ALWAYS THERE**
While you are resting - we work


**WE HAVE EVERYTHING CALCULATED**
You have nothing to worry about - everything is under control


**NO DIFFICULT TASKS**
We easily develop service

# CONTACTS


MAIL
info@instagram.by


TELEGRAM
NAKRUTKA


FORUM
RA.BY



© NAKRUTKA INSTAGRAM 2017-2019
Made with ❤ for great people.

URL: https://nakrutka.cc/

44

NAKRUTKA

SIGN IN

QUICKLY, QUALITATIVELY, WITH A GUARANTEE!

# CHEAT INSTAGRAM

SIGN IN          FREE CHEAT          PRICES






FOLLOWERS          LIKES          VIEWS          COMMENTS

The number of subscribers is the main indicator of the popularity of large communities on Instagram.

High-quality promotion of subscribers is a difficult and time-consuming process. Every experienced user has once faced a massive unsubscribe from winding up subscribers. With us, you can choose to cheat subscribers according to various criteria, including with a guarantee against cancellation.

Subscriber boosting allows you to increase your authority in the eyes of potential customers and fans. The audience is more loyal to communities with a large number of subscribers. More participants join and more lucrative offers are received.

GO TO THE FULL LIST OF SERVICES›





WE HAVE MAGIC
You will be pleasantly surprised

WE ARE ALWAYS THERE
While you are resting - we work

WE HAVE EVERYTHING CALCULATED
You have nothing to worry about - everything is under control

# CONTACTS

 MAIL
info@instagram.by

 TELEGRAM
NAKRUTKA

 FORUM
RA.BY



© NAKRUTKA INSTAGRAM 2017•2019
Made with ❤ for great people.

**EXHIBIT 5**



**EXHIBIT 6**

# PERKINScoie

3150 Porter Drive
Palo Alto, CA 94304-1212

☎ +1.650.838.4300
🖶 +1.650.838.4350
PerkinsCoie.com

February 12, 2020

Gabriella Gallego
GGallego@perkinscoie.com
D.  +1.650.838.4815

**VIA EMAIL**

Nikolay Holper
belarusgirls@holper.by, belorusy@holper.by, blablablam@holper.by,
holper@mail.ru, jaholper@gmail.com, mail@holper.by, pr@holper.by,
tester@holper.by, zismo@holper.by, zy@holper.by
Minsk, Belarus

**Re:    Cease and Desist Abuse of Instagram - Nakrutka**

Dear Mr. Holper:

We represent Facebook, Inc., based in Menlo Park, California.  It has come to our attention that
you are offering services that automate multiple actions on Instagram, a Facebook product,
including fake engagement services, through websites including Nakrutka.by. Furthermore, you
charge a fee for these services. We understand that Facebook has already informed you that the
operation of your fake engagement services targeting Instagram violates its Terms of Use and that
you must cease all such activity, but you have failed to comply.

**Facebook demands that you stop this activity immediately**.

Facebook takes the protection of the user experience very seriously, and it is committed to keeping
its websites safe for users to interact and share information. Instagram has developed its Terms of
Use to protect the user experience and to facilitate these goals.

Instagram's Terms of Use prohibit, among other things:

- ▪ *Misleading Instagram Users*. Your service automates various Instagram activities,
  creating the false impression that actions taken from those accounts, and the accounts
  themselves, are associated with real persons. Similarly, the fake "likes," "followers," and
  related actions give the false impression of genuine interest in the content.

- ▪ *Automating user actions*. Your service automates several processes on Instagram,
  including delivering a "like." It also allows an account to take multiple actions at once.
  Instagram's terms prohibit companies from offering services to users that allow the user to
  take more than one action on Instagram at a time.

- ▪ *Accessing Instagram through automated means*. You may not access Instagram through
  automated means without Instagram's prior permission.

Nikolay Holper
February 12, 2020
Page 2

▪ ***Facilitating or encouraging others to violate Instagram's terms.*** Your software cannot be used on Instagram without violating their terms. By selling or licensing the software to others, you are facilitating the violations of Instagram's terms as described above.

*See* Instagram Terms of Use, http://instagram.com/about/legal/terms/; and Instagram's Platform Policy, http://instagram.com/about/legal/terms/api/.

In addition to breaching the Terms of Use and interfering with Facebook's business expectations and interests, your activities may violate other federal and state laws. *See* Computer Fraud and Abuse Act, 18 U.S.C. § 1030 and the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502(c).

Facebook has taken technical steps to deactivate your Facebook and Instagram accounts, and hereby revokes your limited licenses to access Facebook and Instagram. **This means that you, your agents, employees, affiliates, or anyone acting on your behalf ("You" or "Your") may not access the Facebook or Instagram websites, Platforms, or networks for any reason whatsoever**. Facebook will treat any further activity by You on its websites, Platforms, services or networks as intentional and unauthorized access to its protected computer networks.

**Please respond to me <u>WITHIN 48 hours</u> confirming that You:**

▪ Have stopped and will not in the future access the Facebook and Instagram websites and/or use Facebook's and Instagram's services for any reason whatsoever;

▪ Have preserved and will continue to preserve in the future all information related to Your offering and/or sale of Instagram services;

▪ Have stopped and will not in the future offer, transfer, market, sell or offer to sell any services related to Facebook and Instagram;

▪ Have shut down all websites You operate that are used to sell Facebook or Instagram services, and have removed all advertisements or postings on external websites advertising or describing Your Facebook or Instagram services;

▪ Have removed all references to Facebook and Instagram from any and all websites that You own or have the ability to control; ***and***

▪ Will account for and disgorge any and all revenue earned from Your unauthorized activities related to Facebook and Instagram.

**Along with Your responses, You must provide the following information:**

Nikolay Holper
February 12, 2020
Page 3

- A complete list of any and all Facebook and Instagram accounts You have created, developed, maintained, or controlled;

- A complete list of domain names that You own, maintain, or control presently, along with all domain names that you have previously used to offer Facebook or Instagram services;

- A detailed description of the methods used to automate Facebook and Instagram functionality and provide Facebook and Instagram related services;

- A complete accounting of each and every customer who purchased your Facebook or Instagram services, including an accounting of all compensation or revenue received by You, and the URLs for each profile and/or Page for which You rendered those services; *and*

- A copy of each and every version of any software code You have developed or used to interact with the Facebook and Instagram websites and/or services.

If you ignore this letter and continue your current improper conduct, Facebook will take whatever measures it believes are necessary to enforce its rights, maintain the quality of its websites, and protect users' information and privacy.

This letter is not intended by us, and should not be construed by you, as a waiver or relinquishment of any of Facebook's rights or remedies in this matter. Facebook specifically reserves all such rights and remedies whether at law or in equity, under applicable domestic and foreign laws.

Very truly yours,

Gabriella Gallego

GG

147199433.1
Perkins Coie LLP

51

**EXHIBIT 7**

2020-08-25 - Prices page from nakrutka.cc



N A K R U T K A

&SIGN IN

Search:

| ID | Type of promotion | Description | Minimum | Maximum | Minimum cost | Cost per 1000 (RUB) | Price over 1000 for resellers |
|---|---|---|---|---|---|---|---|
| 1 | 1. Likes - 38r 💼 | Bots with avatars. \| Write-offs: 98% | 10 | 10 000 | 0.38p for 10 | 38p per 1000 | 34p per 1000 |
| 5 | 5. Subscribers - 185 rubles | Subscribers mix: bots, offers, live. Speed up to a thousand per day. Cheat with a margin. \| Write-offs: 40% | 10 | 5 000 | 1.85p for 10 | 185p per 1000 | 167p per 1000 |
| 10 | 10. Subscribers - 269 rubles 👍 | Mix subscribers - offers and live from different countries. Quick start and uniform wrapping with a margin. \| Write-offs: 37% | 100 | 5 000 | 26.9p per 100 | 269p per 1000 | 242p for 1000 |
| 11 | 11. Subscribers - 61 rubles | Bots with avatars. No guarantee. \| Write-offs: 99% | 10 | 10 000 | 0.61p for 10 | 61p for 1000 | 55p per 1000 |
| 12 | 12. Subscribers (AR7 + 300) - 22 rubles | Bots with avatars. Large write-offs. Automatic rewinding of subscribers within 7 days if there is a lack of quantity, but not more than 300% of the number of subscribers ordered. \| | 10 | 10 000 | 0.22p for 10 | 22p for 1000 | 20p per 1000 |
| 13 | 13. Subscribers - 36 rubles | Bots. No guarantee. Long start. \| | 10 | 3 000 | 0.36p for 10 | 36p for 1000 | 33p per 1000 |
| 15 | 15. Subscribers - 103 rubles | Mostly offer accounts from different countries, partially live, of different quality. The speed depends on the current load. | 10 | 3 000 | 1.03p for 10 | 103p for 1000 | 93p for 1000 |
| 18 | 18. Subscribers - 235 rubles 👍 | Mix subscribers - with and without avatars. Launch in a few days! Cheat is made with a margin, small write-offs in the first days. Lack of large write-offs in the long term. You can order again after the end of the promotion. | 400 | 2 500 | 94p for 400 | 235p per 1000 | 215p per 1000 |
| 20 | 20. Subscribers - 52 rubles | Mix of offers and bots from different countries. Fast start. Added with a small margin. | 10 | 2 000 | 0.52p for 10 | 52p per 1000 | 47p for 1000 |
| 21 | 21. Subscribers - 99r | Mix subscribers - offers from different countries and Russian bots. No guarantee. \| Write-offs: 99% | 1 | 5 000 | 0.1p for 1 | 99p per 1000 | 89p for 1000 |
| 22 | 22. Subscribers - 7p | Bots with avatars. No guarantee. \| Write-offs: 99% | 10 | 20 000 | 0.07p for 10 | 7p per 1000 | 6p per 1000 |
| 23 | 23. Subscribers - 179 rubles | Offers and bots mainly with avatars and publications. No guarantee. \| Write-offs: | 10 | 2 500 | 1.79p for 10 | 179p per 1000 | 161p per 1000 |



| # | Name | Description | Min | Max | | | |
|---|------|-------------|-----|-----|---|---|---|
| 22 | 22. Subscribers - 7p | offs: 99% | 10 | 20 000 | 0.07p for 10 | 7p per 1000 | 6p per 1000 |
| 23 | 23. Subscribers - 179 rubles | Offers and bots mainly with avatars and publications. No guarantee. \| Write-offs: 97% | 10 | 2 500 | 1.79p for 10 | 179p per 1000 | 161p per 1000 |
| 24 | 24. Subscribers - 272 rubles | Mostly Russian offers with avatars and publications. Start during the day. | 500 | 10 000 | 136p for 500 | 272p per 1000 | 244p per 1000 |
| 26 | 26. Likes - 39r 👍📷 | The starting speed depends on the current load. Bots with avatars. \| Write-offs: 41% | 10 | 5 000 | 0.39p for 10 | 39p per 1000 | 35p per 1000 |
| 28 | 28. Likes - 91r 👍📷 | Fast. Offers and Russian bots like offers mainly with avatars and publications. \| Write-offs: 97% | 1 | 10 000 | 0.09p for 1 | 91p per 1000 | 82p per 1000 |
| 29 | 29. Likes - 34r 👍📷 | Launching within a few days. Bots with avatars. \| Write-offs: 96% | 10 | 3 000 | 0.34p for 10 | 34p per 1000 | 31p per 1000 |
| 30 | 30. Likes - 19 years 👍📷 | Bots with avatars. Large write-offs. | 10 | 4 000 | 0.19p for 10 | 19p per 1000 | 17p per 1000 |
| 32 | 32. Likes - 27p | Mix of offers and bots from different countries. Moderate write-offs. | 10 | 1 000 | 0.27p for 10 | 27p per 1000 | 24p for 1000 |
| 33 | 33. Likes - 175r 👍📷✔️ | Fast promotion with natural content from accounts from different countries, mostly live ones, with a large number of publications and subscribers. With likes, reach, impressions and views increase. Some users can also save the post, go to a profile or write a comment. Write-offs - 3% | 10 | 25 000 | 1.75p for 10 | 175p for 1000 | 150p per 1000 |
| 34 | 34. Likes - 52r 📷 | Mostly offer accounts from different countries, partially live, of different quality. The speed depends on the current load. \| Write-offs: 19% | 10 | 3 000 | 0.52p for 10 | 52p per 1000 | 46p for 1000 |
| 35 | 35. Likes - 120p 👍📷 | Offers and bots with and without avatars. From different countries, partly Russian. The speed depends on the current load. With likes, coverage and impressions are added. Write-offs are minimal. | 10 | 5 000 | 1.2p for 10 | 120p per 1000 | 110p per 1000 |
| 36 | 36. Likes - 22p | Bots. Slow start. The speed depends on the current load. Unstable. \| Write-offs: 82% | 10 | 5 000 | 0.22p for 10 | 22p per 1000 | 20p per 1000 |
| 37 | 37. Likes - 123p 👍📷 | Russian bots with avatars and human names. \| Write-offs: 34% | 10 | 10 000 | 1.23p for 10 | 123p per 1000 | 111p per 1000 |
| 38 | 38. Likes - 92p | Offers and bots with avatars, partly with publications. \| Write-offs: 95% | 10 | 5 000 | 0.92p for 10 | 92p per 1000 | 82p per 1000 |
| | 48. Video views with | Together with video views, coverage and statistics increase: 60% of viewers watch videos from an interesting one, 25% from | | | | | |



# NAKRUTKA

**SIGN IN**

| № | Type of operation | Description | Minimum | Maximum | | Cost per | Price over |
|---|---|---|---|---|---|---|---|
| 48 | 48. Video views with statistics - 3p | Together with video views, coverage and statistics increase: 60% of viewers watch videos from an interesting one, 25% from a profile, 10% from a main page and 10% from another. 20% of viewers move from post to profile, increasing profile views. Interruptions are possible. | 100 | 10 000 000 | 0.3p per 100 | 3p for 1000 | 2p per 1000 |
| 51 | 51. Video views - 1p 📷 | Fast. With profile views and views. | 100 | 10 000 000 | 0.1p for 100 | 1p for 1000 | 0.9p per 1000 |
| 61 | 61. Comments RU - 1700r 👌📷 | Positive comments, mostly from Russian real Instagram users. | 1 | 200 | 1.7p for 1 | 1700p for 1000 | 1540p for 1000 |
| 62 | 62. Own comments - 1111 rubles 👌📷 | Own comments, mostly from Russian real Instagram users. Comments are added from different accounts, one per line. | 1 | 50 | 1.11p for 1 | 1111p for 1000 | 1000p for 1000 |
| 64 | 64. Comments ru - 1515r | Russian comments on the post are mostly from Russian Instagram users. | 1 | 100 | 1.52p for 1 | 1515p for 1000 | 1370p for 1000 |
| 84 | 84. Profile visits - 7p | Cheat profile visits. Instagram updates statistics with a delay, profile statistics are updated the next day. | 100 | 50 000 | 0.7p per 100 | 7p per 1000 | 6p per 1000 |
| 85 | 85. Profile visits - 1p | Instagram updates statistics with a delay, profile statistics are updated the next day. | 100 | 10 000 000 | 0.1p for 100 | 1p for 1000 | 0.9p per 1000 |
| 86 | 86. Views of temporary stories (Story) - 3p | Provide a link to your account. | 10 | 15 000 | 0.03p for 10 | 3p for 1000 | 2p per 1000 |
| 87 | 87. Views of temporary stories (Story) - 11p 👌 | Provide a link to your account. All temporary stories will be viewed the specified number of times. Profile views are also added. Offers and bots from different countries, with and without avatars. | 10 | 3 000 | 0.11p for 10 | 11p per 1000 | 10p per 1000 |
| 91 | 91. Reach and impressions of the publication - 1p 👌⏳ | Cheat unique visitors for publication from the profile and main page. In business profiles, the growth of indicators: Impressions and Reach. Instagram updates statistics with a delay. Fast start and smooth promotion. You can set the speed - the number of impressions per minute: from 1 to 500, or leave the maximum. | 25 | 250 000 | 0.03p for 25 | 1p for 1000 | 0.8p per 1000 |
| 94 | 94. Conservation - 1p | Cheat publication saves (bookmarks). | 100 | 25 000 | 0.1p for 100 | 1p for 1000 | 0.9p per 1000 |
| 98 | 98. Viewers live - 256R | Cheat viewers of live broadcast on Instagram. Provide a link to your account. Order after the launch of the broadcast. Viewers will also leave likes and emoji comments. | 10 | 10 000 | 2.56p for 10 | 256p per 1000 | 200p for 1000 |


| ID | Type of promotion | Description | Minimum | Maximum | Minimum cost | Cost per 1000 (RUB) | Price over 1000 for resellers |
|----|-------------------|-------------|---------|---------|--------------|---------------------|-------------------------------|
| 84 | 84. Profile visits - 7p | statistics with a delay, profile statistics are updated the next day. | 100 | 50 000 | 0.7p for 100 | 7p per 1000 | 6p per 1000 |
| 85 | 85. Profile visits - 1p | Instagram updates statistics with a delay, profile statistics are updated the next day. | 100 | 10 000 000 | 0.1p for 100 | 1p for 1000 | 0.9p per 1000 |
| 86 | 86. Views of temporary stories (Story) - 3p | Provide a link to your account. | 10 | 15 000 | 0.03p for 10 | 3p for 1000 | 2p per 1000 |
| 87 | 87. Views of temporary stories (Story) - 11p 👌 | Provide a link to your account. All temporary stories will be viewed the specified number of times. Profile views are also added. Offers and bots from different countries, with and without avatars. | 10 | 3 000 | 0.11p for 10 | 11p per 1000 | 10p per 1000 |
| 91 | 91. Reach and impressions of the publication - 1p 👌⏳ | Cheat unique visitors for publication from the profile and main page. In business profiles, the growth of indicators: Impressions and Reach. Instagram updates statistics with a delay. Fast start and smooth promotion. You can set the speed - the number of impressions per minute: from 1 to 500, or leave the maximum. | 25 | 250 000 | 0.03p for 25 | 1p for 1000 | 0.8p per 1000 |
| 94 | 94. Conservation - 1p | Cheat publication saves (bookmarks). | 100 | 25 000 | 0.1p for 100 | 1p for 1000 | 0.9p per 1000 |
| 98 | 98. Viewers live - 256R | Cheat viewers of live broadcast on Instagram. Provide a link to your account. Order after the launch of the broadcast. Viewers will also leave likes and emoji comments. | 10 | 10 000 | 2.56p for 10 | 256p per 1000 | 200p for 1000 |

Showing 1 - 36 of 36 items



© N A K R U T K A I N S T A G R A M 2 0 1 7 - 2 0 1 9

Made with ❤ for great people.

URL: https://nakrutka.cc/services.php

 N A K R U T K A

▲ SIGN IN

Search: [                    ]

| ID | Type of promotion | Description | Minimum | Maximum | Minimum cost | Cost per 1000 (RUB) | Price over 1000 for resellers |
|---|---|---|---|---|---|---|---|
| 1 | 1. Likes - 38r 📺 | Bots with avatars. \| Write-offs: 98% | 10 | 10 000 | 0.38p for 10 | 38p per 1000 | 34p per 1000 |
| 5 | 5. Subscribers - 185 rubles | Subscribers mix: bots, offers, live. Speed up to a thousand per day. Cheat with a margin. \| Write-offs: 40% | 10 | 5 000 | 1.85p for 10 | 185p per 1000 | 167p per 1000 |
| 10 | 10. Subscribers - 269 rubles 👌 | Mix subscribers - offers and live from different countries. Quick start and uniform wrapping with a margin. \| Write-offs: 37% | 100 | 5 000 | 26.9p per 100 | 269p per 1000 | 242p for 1000 |
| 11 | 11. Subscribers - 61 rubles | Bots with avatars. No guarantee. \| Write-offs: 99% | 10 | 10 000 | 0.61p for 10 | 61p for 1000 | 55p per 1000 |
| 12 | 12. Subscribers (AR7 + 300) - 22 rubles | Bots with avatars. Large write-offs. Automatic rewinding of subscribers within 7 days if there is a lack of quantity, but not more than 300% of the number of subscribers ordered. \| | 10 | 10 000 | 0.22p for 10 | 22p for 1000 | 20p per 1000 |
| 13 | 13. Subscribers - 36 rubles | Bots. No guarantee. Long start. \| | 10 | 3 000 | 0.36p for 10 | 36p for 1000 | 33p per 1000 |
| 15 | 15. Subscribers - 103 rubles | Mostly offer accounts from different countries, partially live, of different quality. The speed depends on the current load. | 10 | 3 000 | 1.03p for 10 | 103p for 1000 | 93p per 1000 |
| 18 | 18. Subscribers - 235 rubles 👌 | Mix subscribers - with and without avatars. Launch in a few days! Cheat is made with a margin, small write-offs in the first days. Lack of large write-offs in the long term. You can order again after the end of the promotion. | 400 | 2 500 | 94p for 400 | 235p per 1000 | 215p per 1000 |
| 20 | 20. Subscribers - 52 rubles | Mix of offers and bots from different countries. Fast start. Added with a small margin. | 10 | 2 000 | 0.52p for 10 | 52p per 1000 | 47p for 1000 |
| 21 | 21. Subscribers - 99r | Mix subscribers - offers from different countries and Russian bots. No guarantee. \| Write-offs: 99% | 1 | 5 000 | 0.1p for 1 | 99p per 1000 | 89p for 1000 |
| 22 | 22. Subscribers - 7p | Bots with avatars. No guarantee. \| Write-offs: 99% | 10 | 20 000 | 0.07p for 10 | 7p per 1000 | 6p per 1000 |
| 23 | 23. Subscribers - 179 | Offers and bots mainly with avatars and | 10 | 2 500 | | | |



SIGN IN

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 23 | 23. Subscribers - 179 rubles | Offers and bots mainly with avatars and publications. No guarantee. \| Write-offs: 97% | 10 | 2 500 | 1.79p for 10 | 179p per 1000 | 161p per 1000 |
| 24 | 24. Subscribers - 272 rubles | Mostly Russian offers with avatars and publications. Start during the day. | 500 | 10 000 | 136p for 500 | 272p per 1000 | 244p per 1000 |
| 26 | 26. Likes - 39r 👍📷 | The starting speed depends on the current load. Bots with avatars. \| Write-offs: 41% | 10 | 5 000 | 0.39p for 10 | 39p per 1000 | 35p per 1000 |
| 28 | 28. Likes - 91r 📷 | Fast. Offers and Russian bots like offers mainly with avatars and publications. \| Write-offs: 97% | 1 | 10 000 | 0.09p for 1 | 91p per 1000 | 82p per 1000 |
| 29 | 29. Likes - 34r 📷 | Launching within a few days. Bots with avatars. \| Write-offs: 96% | 10 | 3 000 | 0.34p for 10 | 34p per 1000 | 31p per 1000 |
| 30 | 30. Likes - 19 years 👍📷 | Bots with avatars. Large write-offs. | 10 | 4 000 | 0.19p for 10 | 19p per 1000 | 17p per 1000 |
| 32 | 32. Likes - 27p | Mix of offers and bots from different countries. Moderate write-offs. | 10 | 1 000 | 0.27p for 10 | 27p per 1000 | 24p for 1000 |
| 33 | 33. Likes - 175r 👍📷✔️ | Fast promotion with natural content from accounts from different countries, mostly live ones, with a large number of publications and subscribers. With likes, reach, impressions and views increase. Some users can also save the post, go to a profile or write a comment. Write-offs - 3% | 10 | 25 000 | 1.75p for 10 | 175p for 1000 | 150p per 1000 |
| 34 | 34. Likes - 52r 📷 | Mostly offer accounts from different countries, partially live, of different quality. The speed depends on the current load. \| Write-offs: 19% | 10 | 3 000 | 0.52p for 10 | 52p per 1000 | 46p for 1000 |
| 35 | 35. Likes - 120p 👍📷 | Offers and bots with and without avatars. From different countries, partly Russian. The speed depends on the current load. With likes, coverage and impressions are added. Write-offs are minimal. | 10 | 5 000 | 1.2p for 10 | 120p for 1000 | 110p per 1000 |
| 36 | 36. Likes - 22p | Bots. Slow start. The speed depends on the current load. Unstable. \| Write-offs: 82% | 10 | 5 000 | 0.22p for 10 | 22p per 1000 | 20p per 1000 |
| 37 | 37. Likes - 123p 👍📷 | Russian bots with avatars and human names. \| Write-offs: 34% | 10 | 10 000 | 1.23p for 10 | 123p per 1000 | 111p per 1000 |
| 38 | 38. Likes - 92p | Offers and bots with avatars, partly with publications. \| Write-offs: 95% | 10 | 5 000 | 0.92p for 10 | 92p per 1000 | 82p per 1000 |
| 48 | 48. Video views with statistics - 3p | Together with video views, coverage and statistics increase: 60% of viewers watch videos from an interesting one, 25% from a profile, 10% from a main page and 10% from another, 20% of viewers move from | 100 | 10 000 000 | 0.3p per 100 | 3p for 1000 | 2p per 1000 |



| 38 | 38. Likes - 92p | Offers and bots with avatars, partly with publications. \| Write-offs: 95% | 10 | 5 000 | 0.92p for 10 | 92p per 1000 | 82p per 1000 |
|---|---|---|---|---|---|---|---|
| 48 | 48. Video views with statistics - 3p | Together with video views, coverage and statistics increase: 60% of viewers watch videos from an interesting one, 25% from a profile, 10% from a main page and 10% from another. 20% of viewers move from post to profile, increasing profile views. Interruptions are possible. | 100 | 10 000 000 | 0.3p per 100 | 3p for 1000 | 2p per 1000 |
| 51 | 51. Video views - 1p 💼 | Fast. With profile views and views. | 100 | 10 000 000 | 0.1p for 100 | 1p for 1000 | 0.9p per 1000 |
| 61 | 61. Comments RU - 1700r 👌💼 | Positive comments, mostly from Russian real Instagram users. | 1 | 200 | 1.7p for 1 | 1700p for 1000 | 1540p for 1000 |
| 62 | 62. Own comments - 1111 rubles 👌💼 | Own comments, mostly from Russian real Instagram users. Comments are added from different accounts, one per line. | 1 | 50 | 1.11p for 1 | 1111p for 1000 | 1000p for 1000 |
| 64 | 64. Comments ru - 1515r | Russian comments on the post are mostly from Russian Instagram users. | 1 | 100 | 1.52p for 1 | 1515p for 1000 | 1370p for 1000 |
| 84 | 84. Profile visits - 7p | Cheat profile visits. Instagram updates statistics with a delay, profile statistics are updated the next day. | 100 | 50 000 | 0.7p for 100 | 7p per 1000 | 6p per 1000 |
| 85 | 85. Profile visits - 1p | Instagram updates statistics with a delay, profile statistics are updated the next day. | 100 | 10 000 000 | 0.1p for 100 | 1p for 1000 | 0.9p per 1000 |
| 86 | 86. Views of temporary stories (Story) - 3p | Provide a link to your account. | 10 | 15 000 | 0.03p for 10 | 3p for 1000 | 2p per 1000 |
| 87 | 87. Views of temporary stories (Story) - 11p 👌 | Provide a link to your account. All temporary stories will be viewed the specified number of times. Profile views are also added. Offers and bots from different countries, with and without avatars. | 10 | 3 000 | 0.11p for 10 | 11p per 1000 | 10p per 1000 |
| 91 | 91. Reach and impressions of the publication - 1p 👌⏳ | Cheat unique visitors for publication from the profile and main page. In business profiles, the growth of indicators: Impressions and Reach. Instagram updates statistics with a delay. Fast start and smooth promotion. You can set the speed - the number of impressions per minute: from 1 to 500, or leave the maximum. | 25 | 250 000 | 0.03p for 25 | 1p for 1000 | 0.8p per 1000 |
| 94 | 94. Conservation - 1p | Cheat publication saves (bookmarks). | 100 | 25 000 | 0.1p for 100 | 1p for 1000 | 0.9p per 1000 |
| 98 | 98. Viewers live - 256R | Cheat viewers of live broadcast on Instagram. Provide a link to your account. Order after the launch of the broadcast. | 10 | 10 000 | 2.56p for 10 | 256p per 1000 | 200p per 1000 |



# NAKRUTKA

⚲SIGN IN

| ID | Type of promotion | Description | Minimum | Maximum | Minimum cost | Cost per 1000 (RUB) | Price over 1000 for resellers |
|---|---|---|---|---|---|---|---|
| 85 | 85. Profile visits - 1p | Instagram updates statistics with a delay, profile statistics are updated the next day. | 100 | 10 000 000 | 0.1p for 100 | 1p for 1000 | 0.9p per 1000 |
| 86 | 86. Views of temporary stories (Story) - 3p | Provide a link to your account. | 10 | 15 000 | 0.03p for 10 | 3p for 1000 | 2p per 1000 |
| 87 | 87. Views of temporary stories (Story) - 11p 👌 | Provide a link to your account. All temporary stories will be viewed the specified number of times. Profile views are also added. Offers and bots from different countries, with and without avatars. | 10 | 3 000 | 0.11p for 10 | 11p per 1000 | 10p per 1000 |
| 91 | 91. Reach and impressions of the publication - 1p 👌🏋 | Cheat unique visitors for publication from the profile and main page. In business profiles, the growth of indicators: Impressions and Reach. Instagram updates statistics with a delay. Fast start and smooth promotion. You can set the speed - the number of impressions per minute: from 1 to 500, or leave the maximum. | 25 | 250 000 | 0.03p for 25 | 1p for 1000 | 0.8p per 1000 |
| 94 | 94. Conservation - 1p | Cheat publication saves (bookmarks). | 100 | 25 000 | 0.1p for 100 | 1p for 1000 | 0.9p per 1000 |
| 98 | 98. Viewers live - 256R | Cheat viewers of live broadcast on Instagram. Provide a link to your account. Order after the launch of the broadcast. Viewers will also leave likes and emoji comments. | 10 | 10 000 | 2.56p for 10 | 256p per 1000 | 200p for 1000 |

Showing 1 - 36 of 36 items



© NAKRUTKA INSTAGRAM 2017-2019

Made with ❤ for great people.

URL: https://nakrutka.com/services.php

60