UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NIKOLAY HOLPER,<br><br>　　　　Defendant. | No. C 20-06023 WHA<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION RE DEFAULT JUDGMENT** |

　　　　The undersigned has reviewed the report and recommendation of Magistrate Judge Joseph Spero and agrees that plaintiffs' motion for default judgment should be **GRANTED IN PART** and **DENIED IN PART**, for the reasons stated in the report, (Rep. & Rec., Dkt. No. 47). No objection was received in response to the report. This order adopts the report and recommendation, except that attorney's fees will be reduced from the recommended amount of $107,221.20 to $89,351.00.

　　　　Plaintiffs requested $178,702.00 in attorney's fees for work performed to obtain an entry of default judgment (Mortimer Decl. ¶ 4). Judge Spero recommended a forty-percent reduction in attorney's fees "[i]n light of Facebook's attorneys' failure to address key issues (like website translations) in their original motion, failure to achieve success on the bulk of their request for statutory damages, and facially unreasonable amounts of time spent on relatively straightforward phases of the case" (Rep. & Rec. 24–25). The report cited over 35 hours spent on case management statements, conferences, and continuances when defendant never appeared, as well as over 71 hours spent on a motion for alternative service (*id*. at 24–25 n.7).

This order agrees that a reduction in attorney's fees is appropriate and finds a further ten-percent reduction warranted, for a total reduction of fifty percent. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983). In addition to the misfires and disproportionate work referenced in the report, this order points to over 26 hours of billing entries filed by plaintiffs' counsel involving communications related to service of process (Mortimer Exh. A). And twenty such entries — totaling 4.7 hours — involve "status" updates. This reads gratuitous.

The fee assessment herein considered billing entries supplied by plaintiffs' counsel, which did not disclose work product, privileged communications, or any other sealable material (*ibid.*; *see* Nelson Decl. ¶ 3). This order therefore denies the motion to seal previously granted by minute order (Dkt. No. 46; *see also* FRCP 54(b)).

For the foregoing reasons, default judgment shall be separately entered for plaintiffs in the amount of $199,535.44, consisting of the following amounts: (1) $100,000.00 in statutory damages for cybersquatting; (2) $89,351.00 in attorney's fees; and (3) $10,184.44 in costs.

**IT IS SO ORDERED.**

Dated: November 22, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE